EXHIBIT A

## STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   18-SCCV-089455

Burns, Patricia

---
**PLAINTIFF**

VS.

Kellermeyer Bergensons, LLC
Burlington Coat Factory Warehouse
Corporation

---
**DEFENDANTS**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**David Dozier**
**Dozier Law Firm**
**327 Third Street**
**Macon, Georgia 31201**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of December, 2018.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA
**18-SCCV-089455**
JOM
DEC 20, 2018 06:52 AM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

PATRICIA BURNS,

    Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

    Defendants.

Civil Action No. _____

## 5.2 CERTIFICATE OF DISCOVERY

Pursuant to Ga. Unif. Sup. Ct. R. 5.2(2), this is to certify that copies of:

1. *Plaintiff's First Interrogatories to Defendant Burlington Coat Factory Warehouse Corporation*;
2. *Plaintiff's First Interrogatories to Defendant Kellermeyer Bergensons Services, LLC*;
3. *Plaintiff's First Request for Production of Documents to Defendant Burlington Coat Factory Warehouse Corporation*;
4. *Plaintiff's First Request for Production of Documents to Kellermeyer Bergensons Services, LLC*;
5. *Plaintiff's First Request for Admissions to Defendant Burlington Coat Factory Warehouse Corporation*; and
6. *Plaintiff's First Request for Admissions to Defendant Kellermeyer Bergensons Services, LLC.*

were electronically filed via the PeachCourt electronic filing system with the Clerk for State Court

of Bibb County on December _____, 2018 to be served contemporaneously with copies of

*Summons* and *Complaint* by the Sheriff's Department of the County in which the defendant resides,

or by any other individual so authorized by the Georgia Civil Practice Act.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted this the /8th day of _____, 2018.

David Dozier
GA Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089455**

JOM
DEC 20, 2018 06:52 AM

Patricia M. Cravoby Clerk of State Court
Bibb County, Georgia

PATRICIA BURNS,

    Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

    Defendants.

Civil Action No. _____

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff in the above styled action, by and through her undersigned
attorney of record, and hereby file this Complaint for Damages, respectfully showing this
Honorable Court the Following:

1.

The Defendant, Burlington Coat Factory Warehouse Corporation (hereinafter
"Burlington"), is a foreign profit corporation licensed to conduct business in the State of Georgia
which maintains its principal place of business in Burlington, New Jersey, and a registered agent
in Gwinnett County, Georgia, and is nevertheless subject to the venue and jurisdiction of this Court
pursuant to O.C.G.A. § 14-2-510.

2.

The Defendant, Kellermeyer Bergensons Services, LLC (hereinafter "Kellermeyer"), is a
foreign limited liability company licensed to conduct business in the State of Georgia which
maintains its principal place of business in Oceanside, California, and a registered agent in

Gwinnett County, Georgia, and is nevertheless subject to the venue and jurisdiction of this Court pursuant to O.C.G.A. § 14-2-510.

3.

The Defendant John Does Nos. 1-10, at all times relevant to this Complaint for Damages, was and is an employee and/or agent of the Defendant Burlington and/or Defendant Kellermeyer, subjecting him to the jurisdiction and venue of this Court as a joint tort-feasor.

4.

The Defendant, Burlington, owns and/or operates the retail establishment and premises located at 3661 Eisenhower Pkwy, Macon, Georgia, 31206 (hereinafter "subject premises").

5.

On or about January 15, 2017, on the subject premises, the Plaintiff, as an invitee, fell due to an unsecured toilet seat in a restroom for invitee use due to the negligence of the Defendant Burlington, Defendant Kellermeyer, and Defendants John Does Nos. 1-10.

6.

The Defendant John Does Nos. 1-10, an employee and/or agent of the Defendant Burlington and/or Defendant Kellermeyer, was negligent, as pled in ¶5, by failing to provide sufficient warning of the unsecured toilet seat, by failing to inspect and discover the unsecured toilet seat, by failing to remove or correct the unsecured toilet seat and by failing to use ordinary care in preventing hazardous conditions that could result in a fall.

7.

The Defendant Burlington, the owner and/or operator of the subject premises, was negligent, as pled in ¶5, by failing to provide sufficient warning of the subject toilet seat, by failing to inspect and discover the toilet seat, by failing to remove or correct the toilet seat, by failing to

use ordinary care in preventing hazardous conditions that could result in a fall, and by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

8.

The Defendant Kellermeyer, the provider of janitorial services for the subject premises, was negligent, as pled in ¶5, by failing to provide sufficient warning of the subject toilet seat, by failing to inspect and discover the toilet seat, by failing to remove or correct the toilet seat, by failing to use ordinary care in preventing hazardous conditions that could result in a fall, and by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

9.

As a proximate and foreseeable result of the Defendants' negligence, the Plaintiff suffered serious personal injuries, incurring significant and costly medical expenses, as well as lost wages.

10.

In addition to ¶9, the Plaintiff has endured and will continue to endure pain and suffering.

11.

The Plaintiff has a cause of action against the Defendant John Does Nos. 1-10 for negligence and all other applicable theories of liability.

12.

The Plaintiff has a cause of action against the Defendant Burlington for negligence, negligent hiring and retention of an unsafe employee(s), respondeat superior, and all other applicable theories of liability.

13.

The Plaintiff has a cause of action against the Defendant Kellermeyer for negligence, negligent hiring and retention of an unsafe employee(s), respondeat superior, and all other applicable theories of liability.

14.

The Plaintiff is entitled to recover from the Defendants for her past and future medical expenses, lost wages, past and future pain and suffering, and all other damages as permitted by Law.

WHEREFORE, Plaintiff prays that she have a judgment against the Defendants in an amount determined by a fair and impartial jury to be adequate and just.

[SIGNATURE ON NEXT PAGE]

This ___18th___ day of ___December___, 2018.

_____

DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

## DEFENDANTS WILL BE SERVED AT THE FOLLOWING:

### Burlington Coat Factory Warehouse Corporation
c/o Registered Agent:
CT Corporation System
289 S. Culver Street
Lawrenceville, Georgia, 30046-4805

### Kellermeyer Bergensons, LLC.
c/o Registered Agent:
Corporation Services Company
40 Technology Drive, #300
Norcross, Georgia, 30092

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089455**
JOM
DEC 20, 2018 06:52 AM

Patricia M. Greevis, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

PATRICIA BURNS,

    Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

    Defendants.

Civil Action No. _____

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

COMES NOW, Plaintiff in this matter and requests that Defendant, pursuant to O.C.G.A. §9-11-36, to admit the following in writing within 30 days of service of the same:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

6.

Venue is proper in Bibb County State Court.

7.

Admit that, on or about January 15, 2017, you owned and/or operated the premises located at 3661 Eisenhower Pkwy, Macon, Georgia, 31206 (hereinafter "The Premises").

8.

Admit that, on or about January 15, 2017, the Plaintiff was an invitee in the premises you owned and/or operated at 3661 Eisenhower Pkwy, Macon, Georgia, 31206.

9.

Admit that, on or about January 15, 2017, the Plaintiff was injured on the premises you owned and/or operated at 3661 Eisenhower Pkwy, Macon, Georgia, 31206.

10.

Admit that, on or about January 15, 2017, Plaintiff fell due to an unsecured toilet seat in a restroom located within The Premises.

11.

Admit that, as a direct and proximate result of the aforementioned fall, Plaintiff sustained bodily injuries.

12.

Admit that you were negligent by failing to provide sufficient warning of the subject dangerous defect or condition that caused Plaintiff's fall.

13.

Admit that you were negligent by failing to remedy or remove the dangerous defect or condition that caused Plaintiff's fall.

14.

Admit that you were negligent by failing to use ordinary care in preventing hazardous conditions that could result in such an injury.

15.

Admit that Plaintiff's aforementioned fall was directly and proximately caused, either wholly or partially, by your own negligence.

16.

Admit that Plaintiff's aforementioned fall was directly and proximately caused, either wholly or partially, by the negligence of Defendant John Does Nos. 1-10.

17.

Admit that you were negligent by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

18.

Admit that your negligence proximately and foreseeably caused the injuries alleged in Plaintiff's Complaint for Damages.

19.

Admit that you employee(s), Defendant John Does Nos. 1-10, were negligent.

20.

Admit that you are liable for the negligence of your employee(s), Defendant John Does Nos. 1-10, under the doctrine of respondeat superior.

RESPOND AS REQUIRED BY LAW.

[SIGNATURE ON NEXT PAGE]

This _____18th_____ day of _____December_____, 2018.

DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

 

 

☐ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089455**
JOM
DEC 20, 2018 06:52 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

PATRICIA BURNS,

      Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION;
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

      Defendants.

Civil Action No. _____

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT KELLERMEYER BERGENSONS SERVICES, LLC

COMES NOW, Plaintiff in this matter and requests that Defendant, pursuant to O.C.G.A.

§9-11-36, to admit the following in writing within 30 days of service of the same:

1.

You have been correctly named in the present cause insofar as the legal designation of

names is concerned.

2.

You have been properly served as a party defendant.

3.

Process and service of said process is sufficient with regard to you in this case.

4.

Bibb County State Court has jurisdiction over the subject matter of this case.

5.

Bibb County State Court has personal jurisdiction over you as a party in this case.

6.

Venue is proper in Bibb County State Court.

7.

Admit that, on or about January 15, 2017, you provided janitorial services for the premises located at 3661 Eisenhower Pkwy, Macon, Georgia, 31206 (hereinafter "The Premises").

8.

Admit that, on or about January 15, 2017, the Plaintiff was an invitee in the premises you provided janitorial services for at 3661 Eisenhower Pkwy, Macon, Georgia, 31206.

9.

Admit that, on or about January 15, 2017, the Plaintiff was injured on the premises you provided janitorial services for at 3661 Eisenhower Pkwy, Macon, Georgia, 31206.

10.

Admit that, on or about January 15, 2017, Plaintiff fell due to an unsecured toilet seat in a restroom located within The Premises.

11.

Admit that, as a direct and proximate result of the aforementioned fall, Plaintiff sustained bodily injuries.

12.

Admit that you were negligent by failing to provide sufficient warning of the subject dangerous defect or condition that caused Plaintiff's fall.

13.

Admit that you were negligent by failing to remedy or remove the dangerous defect or condition that caused Plaintiff's fall.

14.

Admit that you were negligent by failing to use ordinary care in preventing hazardous conditions that could result in such an injury.

15.

Admit that Plaintiff's aforementioned fall was directly and proximately caused, either wholly or partially, by your own negligence.

16.

Admit that Plaintiff's aforementioned fall was directly and proximately caused, either wholly or partially, by the negligence of Defendant John Does Nos. 1-10.

17.

Admit that you were negligent by hiring and retaining an unsafe employee(s), to wit: Defendant John Does Nos. 1-10.

18.

Admit that your negligence proximately and foreseeably caused the injuries alleged in Plaintiff's Complaint for Damages.

19.

Admit that you employee(s), Defendant John Does Nos. 1-10, were negligent.

20.

Admit that you are liable for the negligence of your employee(s), Defendant John Does Nos. 1-10, under the doctrine of respondeat superior.

RESPOND AS REQUIRED BY LAW.

[SIGNATURE ON NEXT PAGE]

This _18th_ day of _December_, 2018.

DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA
**18-SCCV-089455**
JOM
DEC 20, 2018 06:52 AM

Patricia M. Grover, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

PATRICIA BURNS,

      Plaintiff,

          Civil Action No. _____

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

      Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

COMES NOW, the Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things hereinbelow designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this

request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days for the date of service of this request.

## REQUEST FOR PRODUCTION NO. 1

Please produce, any and all correspondence to or from either you, your business, or the premises located at 3661 Eisenhower Pkwy, Macon, Georgia, 31206 which relates to the incident which is the subject of this complaint. In addition, include any and all documents, letters, memos or other writings that you received from any other person or entity concerning the incident which is the subject of this complaint.

## REQUEST FOR PRODUCTION NO. 2

Please produce any and all documents which show the assignment of liability for injuries which occur on the subject property.

## REQUEST FOR PRODUCTION NO. 3

Please produce any and all documents which show procedures for handling legal claims against the subject property or the owner of the subject property.

## REQUEST FOR PRODUCTION NO. 4

Please produce any and all documents, letters, memos or other writings relating to procedures for the prevention, removal, repair or warning of hazardous conditions on the property.

## REQUEST FOR PRODUCTION NO. 5

Please produce any and all documents, letters, memos or other writings, including but not limited to any safety and procedure manuals relating to inspection schedules for the subject property, and any training manuals or videos used to train new employees, generally.

## REQUEST FOR PRODUCTION NO. 6

Please produce any incident report prepared in connection with the incident which is the subject matter of this complaint.

## REQUEST FOR PRODUCTION NO. 7

Please produce all documents identified by Defendant in response to Plaintiff's First Interrogatories.

## REQUEST FOR PRODUCTION NO. 8

Please produce all time sheets or time cards for January 15, 2017, of all agents, servants, employees, representatives, or others who were employed by Defendant at the time of the incident.

## REQUEST FOR PRODUCTION NO. 9

Please produce any and all documents, letters, memos or other writings relating to maintenance schedules for the subject property.

## REQUEST FOR PRODUCTION NO. 10

Please produce any diagrams, plats, or drawings of the premises where the incident complained of occurred that you have in your possession.

## REQUEST FOR PRODUCTION NO. 11

Please produce all incident reports made after the occurrence of any incident of a nature similar to the one complained of herein, specifically including any prior or subsequent incidents involving spills of dangerous liquids.

## REQUEST FOR PRODUCTION NO. 12

Please produce any and all photographs in your possession taken of the scene of the occurrence complained of.

RESPOND AS REQUIRED BY LAW.

[SIGNATURE ON NEXT PAGE]

This _18th_day of _December_, 2018.


_____
DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

❦ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089455**
JOM
DEC 20, 2018 06:52 AM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

PATRICIA BURNS,

    Plaintiff,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

    Defendants.

Civil Action No. _____

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
## DEFENDANT KELLERMEYER BERGENSONS SERVICES, LLC

COMES NOW, the Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably useable form) or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

The production of documents and things hereinbelow designated shall be made in the law offices of Plaintiff's undersigned counsel of record.

NOTE A: Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things hereinbelow requested, this

request shall be deemed to be continuing in nature.

NOTE B: As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days for the date of service of this request.

### REQUEST FOR PRODUCTION NO. 1

Please produce, any and all correspondence to or from either you, your business, or the premises located at 3661 Eisenhower Pkwy, Macon, Georgia, 31206 which relates to the incident which is the subject of this complaint. In addition, include any and all documents, letters, memos or other writings that you received from any other person or entity concerning the incident which is the subject of this complaint.

### REQUEST FOR PRODUCTION NO. 2

Please produce any and all documents which show the assignment of liability for injuries which occur on the subject property.

### REQUEST FOR PRODUCTION NO. 3

Please produce any and all documents which show procedures for handling legal claims against the subject property or the owner of the subject property.

### REQUEST FOR PRODUCTION NO. 4

Please produce any and all documents, letters, memos or other writings relating to procedures for the prevention, removal, repair or warning of hazardous conditions on the property.

## REQUEST FOR PRODUCTION NO. 5

Please produce any and all documents, letters, memos or other writings, including but not limited to any safety and procedure manuals relating to inspection schedules for the subject property, and any training manuals or videos used to train new employees, generally.

## REQUEST FOR PRODUCTION NO. 6

Please produce any incident report prepared in connection with the incident which is the subject matter of this complaint.

## REQUEST FOR PRODUCTION NO. 7

Please produce all documents identified by Defendant in response to Plaintiff's First Interrogatories.

## REQUEST FOR PRODUCTION NO. 8

Please produce all time sheets or time cards for January 15, 2017, of all agents, servants, employees, representatives, or others who were employed by Defendant at the time of the incident.

## REQUEST FOR PRODUCTION NO. 9

Please produce any and all documents, letters, memos or other writings relating to maintenance schedules for the subject property.

## REQUEST FOR PRODUCTION NO. 10

Please produce any diagrams, plats, or drawings of the premises where the incident complained of occurred that you have in your possession.

## REQUEST FOR PRODUCTION NO. 11

Please produce all incident reports made after the occurrence of any incident of a nature similar to the one complained of herein, specifically including any prior or subsequent incidents involving spills of dangerous liquids.

## REQUEST FOR PRODUCTION NO. 12

Please produce any and all photographs in your possession taken of the scene of the occurrence complained of.

RESPOND AS REQUIRED BY LAW.

[SIGNATURE ON NEXT PAGE]

This _18th_ day of _December_ 2018.

DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089455**

JOM
DEC 20, 2018 06:52 AM

Patricia M. Grimes-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

PATRICIA BURNS,

      Plaintiff,

      Civil Action No. _____

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

      Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

COMES NOW, the plaintiff in the above-captioned case, and hereby requires that defendant answer under oath and in writing the following interrogatories within 45 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

NOTE A: When used in these interrogatories, the term defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently

learn that the original response was incorrect, or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

1.

State whether you have ever had a lawsuit other than the present one filed against you as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action including for each lawsuit the date it was filed, the court in which it was filed, the name, address and status of each other party in the suit, the name and address of the attorney for Plaintiff, whether there was a trial and the ultimate disposition of the case.

2.

State whether you have ever had a claim filed against you or your insurance carrier as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action, and for each, include:

(a)   The name and address of each claimant;

(b)   Whether suit was filed against your insurance carrier, and if so, the name and address of the insurance carrier;

(c)   The date on which it was filed;

(d)   The facts on which it was based;

(e)   The ultimate disposition of the claim;

(f)   Whether a record was made of the claim, and if so, the name and address of the person who has custody of each record.

3.

State whether any person or entity has made a complaint or criticism, orally or in writing, concerning hazardous conditions.

4.

State whether or not any incident report was made with regard to the incident that is the subject of this lawsuit whether the report or document was created by you or a representative of another company or another individual.

5.

State whether or not you have the original copy of any incident report pertaining to this incident and identify the contents of any such report.

6.

State whether or not there are any procedures or policies in effect regarding the presence of hazardous conditions, generally, relating to the prevention and removal of dangerous substances. If there are any such procedures or policies, please describe in detail.

7.

State whether or not there are any procedures or policies in effect for the notification of, or the prevention of dangerous substances. If there are any such procedures or policies, please describe in detail.

8.

State whether or not there are any procedures or policies in effect for the regular inspection of the prevention and removal of dangerous substances.   If there are any such procedures or policies, please describe in detail.

9.

Please provide in detail the practices and procedures employed to respond to notification of the presence of dangerous substances, including the names of those who specifically perform the work (individuals or business entities).

10.

Please state whether any statement was obtained by you concerning the incident that is the subject of this lawsuit.

11.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who were employed at the time of the incident that is the subject matter of this lawsuit.

12.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants and employees who may have knowledge regarding the subject of this lawsuit.

13.

State the names, last known addresses, places of employment, job classification and present whereabouts of all agents, servants and employees who have had or may have had any communications whatsoever, whether orally or in writing, with Plaintiff.

14.

Please identify any and all persons you expect to call as expert witnesses in the trial of this case and give the substance of the facts and opinions to which the expert is expected to testify as well as his or her address and phone number.

15.

Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts or circumstances which bear on any of the issues in the captioned case.

16.

State whether or not Defendant is incorporated, and if so, state:

(a)    The date and state of incorporation;

(b)    The exact name of the corporation as it appears in its articles of incorporation;

(c)    Whether or not the corporation is now in good standing, and if not, the date on which it was administratively suspended or otherwise dissolved:

(d)    If the corporation forfeited its charter, state the exact time it forfeited its charter and give the names and addresses of the officers of the corporation; .

(e)    If the defendant is not incorporated, state whether or not it is a partnership, and if so, give all names of partners or if it is a municipal corporation or a political organization, state its exact name and in what state it is organized to do business.

RESPOND AS REQUIRED BY LAW.

[SIGNATURE ON NEXT PAGE]

This ____ day of _____, 2018.


DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**18-SCCV-089455**
JOM
DEC 20, 2018 03:54 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

PATRICIA BURNS,

    Plaintiff,

                              Civil Action No. _____

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
KELLERMEYER BERGENSONS
SERVICES, LLC, and
JOHN DOES NOS. 1-10,

    Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## KELLERMEYER BERGENSONS SERVICES, LLC

COMES NOW, the plaintiff in the above-captioned case, and hereby requires that defendant answer under oath and in writing the following interrogatories within 45 days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to plaintiff's attorney, David Dozier, P.O. Box 13, Macon, GA 31202.

NOTE A: When used in these interrogatories, the term defendant or any synonym thereof is intended to and shall embrace and include, in addition to the said defendant, all agents, servants, representatives, private investigators and others who are in a position for or may have obtained information for or on behalf of the defendant.

NOTE B: These interrogatories shall be deemed continuing to the extent required by law. You are requested to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters, as well as the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify and the substance of his testimony; and (2) amend any prior response if you subsequently

learn that the original response was incorrect, or if you learn that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

1.

State whether you have ever had a lawsuit other than the present one filed against you as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action including for each lawsuit the date it was filed, the court in which it was filed, the name, address and status of each other party in the suit, the name and address of the attorney for Plaintiff, whether there was a trial and the ultimate disposition of the case.

2.

State whether you have ever had a claim filed against you or your insurance carrier as a result of an incident of a nature similar to, or in the same locality as, the incident complained of in this action, and for each, include:

(a)    The name and address of each claimant;

(b)    Whether suit was filed against your insurance carrier, and if so, the name and address of the insurance carrier;

(c)    The date on which it was filed;

(d)    The facts on which it was based;

(e)    The ultimate disposition of the claim;

(f)    Whether a record was made of the claim, and if so, the name and address of the person who has custody of each record.

3.

State whether any person or entity has made a complaint or criticism, orally or in writing, concerning hazardous conditions.

4.

State whether or not any incident report was made with regard to the incident that is the subject of this lawsuit whether the report or document was created by you or a representative of another company or another individual.

5.

State whether or not you have the original copy of any incident report pertaining to this incident and identify the contents of any such report.

6.

State whether or not there are any procedures or policies in effect regarding the presence of hazardous conditions, generally, relating to the prevention and removal of dangerous substances. If there are any such procedures or policies, please describe in detail.

7.

State whether or not there are any procedures or policies in effect for the notification of, or the prevention of dangerous substances. If there are any such procedures or policies, please describe in detail.

8.

State whether or not there are any procedures or policies in effect for the regular inspection of the prevention and removal of dangerous substances. If there are any such procedures or policies, please describe in detail.

9.

Please provide in detail the practices and procedures employed to respond to notification of the presence of dangerous substances, including the names of those who specifically perform the work (individuals or business entities).

10.

Please state whether any statement was obtained by you concerning the incident that is the subject of this lawsuit.

11.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who were employed at the time of the incident that is the subject matter of this lawsuit.

12.

State the names, last known addresses, places of employment, job classification, and present whereabouts of all agents, servants and employees who may have knowledge regarding the subject of this lawsuit.

13.

State the names, last known addresses, places of employment, job classification and present whereabouts of all agents, servants and employees who have had or may have had any communications whatsoever, whether orally or in writing, with Plaintiff.

14.

Please identify any and all persons you expect to call as expert witnesses in the trial of this case and give the substance of the facts and opinions to which the expert is expected to testify as well as his or her address and phone number.

15.

Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts or circumstances which bear on any of the issues in the captioned case.

16.

State whether or not Defendant is incorporated, and if so, state:

(a)    The date and state of incorporation;

(b)    The exact name of the corporation as it appears in its articles of incorporation;

(c)    Whether or not the corporation is now in good standing, and if not, the date on which it was administratively suspended or otherwise dissolved:

(d)    If the corporation forfeited its charter, state the exact time it forfeited its charter and give the names and addresses of the officers of the corporation;

(e)    If the defendant is not incorporated, state whether or not it is a partnership, and if so, give all names of partners or if it is a municipal corporation or a political organization, state its exact name and in what state it is organized to do business.

RESPOND AS REQUIRED BY LAW.

[SIGNATURE ON NEXT PAGE]

This _18th_day of _October_, 2018.

_____
DAVID DOZIER
State Bar No. 228898
Attorney for Plaintiff

DOZIER LAW FIRM, LLC
327 Third Street
P. O. Box 13
Macon, Georgia 31202-0013
(478) 742-8441